AMERICAN LUMBER & MFG. CO. v. TAYLOR et al.

(Circuit Court of Appeals, Third Circuit. January 20, 1905.)

No. 47.

**1. PLEADING—AFFIDAVIT OF DEFENSE.**

An affidavit of defense, in an action by a trustee in bankruptcy to recover the value of property alleged to have been preferentially transferred to defendant by the bankrupt, which sets up that the property had been purchased from defendant, and that it had the right to rescind the sale because the bankrupt made a false statement to a mercantile agency for the purpose of deceiving wholesale dealers, is insufficient, where it is not alleged that the statement was intended to or did deceive defendant, and does not state any facts showing wherein the statement was false or fraudulent.

**2. SALE—RESCISSION FOR FRAUD—RIGHT TO RECOVER PROPERTY.**

A seller of lumber which was used by the purchasers, together with other lumber, in the construction of barges, cannot acquire any right or title to such barges by an attempted rescission of the sale for fraud.

In Error to the District Court of the United States for the Western District of Pennsylvania.

The following is the opinion of Buffington, District Judge, on motion for judgment:

The affidavit in this case admits the defendant company sold lumber to the bankrupts several months before bankruptcy, taking notes in payment. This lumber was in large part sold, and a considerable portion of the remainder built by the bankrupts, with some other lumber of their own, into barges. Shortly before adjudication, and with full knowledge of the bankrupts' insolvency, the defendant notified the bankrupts it rescinded the sale on the ground of alleged fraud, and took a bill of sale for the barges from them. The barges having been sold by the defendant, the trustee brought the present suit to recover their value. The defendant defends on the ground the lumber was obtained from it by fraud, and it had a right to rescind. The affidavit in this case does not purport to be made on information and belief. From the wording thereof, it would seem its allegations are based on the personal knowledge of the affiant. It would therefore seem that, if specific facts sufficient to constitute a defense exist, they would have been specifically stated. Briefly summed up, the defense here set up consists of a statement, alleged to falsely show solvency, made to a mercantile agency for the purpose of deceiving wholesale lumber dealers. There is no allegation it was made for the purpose of deceiving the defendant in particular, or that the bankrupts practiced any trick, artifice, fraud, or deception on the defendant. While the affidavit avers, in general, the statement was false, it fails to set forth any particular wherein such falsity lay. We think this is a material omission. An affidavit of defense should show facts sufficient to constitute a defense, and leave nothing to inference. See Bruner v. Wallace, 4 Wkly. Notes Cas. 53; Bardsley v. Delp, 88 Pa. 420; and other cases cited in 3 Brightly's Dig. 3624. Wherein was such statement false? Did the bankrupts inventory articles that did not exist, did they fraudulently overvalue existing assets, did they conceal liabilities, or was the statement a mistaken overestimate of their assets? The fact that the bankrupts proved afterwards to be insolvent, does not of itself show this statement was fraudulent. Wessels v. Weiss Bros., 156 Pa. 593, 27 Atl. 535; Greene v. Fondersmith, 200 Pa. 625, 50 Atl. 209. Now, as noted above, apart from the broad assertion that the statement was false and the defendant insolvent, there is an absence of all specific averments as to wherein the falsity lay. In the absence of such averments, and in view of the fact that this lumber was built into barges, and by taking the same the defendant has also taken the property of the bankrupt estate, the amount and value of which is not fixed by

137 F.—21

the affidavit, we think the defendant has not shown facts warranting a right to rescind. To avoid a sale, there must be artifice, intended 'and fitted to deceive, practiced upon the defendant, in procuring the property. Smith v. Smith, 21 Pa. 367, 60 Am. Dec. 51. But as we have seen, the affidavit exhibits no facts from which it can be determined whether the statement was false in any particular detail, or a mistaken overestimate.

Being of opinion the facts set up fail to constitute a sufficient defense, the rule for judgment will be made absolute.

R. B. Ivory, for plaintiff in error.

Albert York Smith, for defendant in error.

Before ACHESON, DALLAS, and GRAY, Circuit Judges.

ACHESON, Circuit Judge. As the learned District Judge said in his opinion:

"Briefly summed up, the defense here set up consists of a statement alleged to falsely show solvency, made to a mercantile agency for the purpose of deceiving wholesale lumber dealers."

It is not averred in the affidavit of defense that the statement to the mercantile agency was made for the specific purpose of deceiving the defendant, nor is it alleged that any artifice was practiced on the defendant to induce the sale of the lumber in question upon credit. The items entering into the statement to the mercantile agency are not given, nor is it stated in what particulars it was false. Here the defendant contented itself with the general allegation that, by the written statement to the mercantile agency, G. W. Weigel & Co. falsely "represented their good assets to be upwards of $38,000 in excess of their liabilities," whereas they were in fact totally and hopelessly insolvent. We cannot say that the District Judge erred in holding that the allegations of the affidavit of defense were not sufficiently specific to prevent judgment, especially in view of the cases of Wessels v. Weiss Bros., 156 Pa. 591, 27 Atl. 535, and Greene v. Fondersmith, 200 Pa. 625, 50 Atl. 209, relating to the rescission of an executed sale of personal property on the ground of alleged false representations by the purchaser as to his financial condition.

But aside from the question of the insufficiency of the affidavit of defense, there was a fact appearing in the case fatal to the defense. The suit was for the value of two coal barges which were on the docks of the bankrupts, G. W. Weigel & Co., nearly completed, at the time of the bankruptcy. Into the construction of these barges some of the lumber which the defendant had sold to G. W. Weigel & Co. had entered, together, however, with other lumber which never belonged to the defendant, but was the absolute property of G. W. Weigel & Co. Could the defendant, by a rescission for fraud of the sale of lumber, take possession of and acquire title to these barges? We think not. By the sale and delivery to G. W. Weigel & Co. the legal title to the lumber—voidable, it might be—had passed to the purchasers, and before attempted rescission they had used the particular lumber in question in the construction of these barges. If the barges had been built wholly of the defendant's lumber, a different question would have been presented. But in fact in the construction of the barges a considerable quantity of other lumber was used. The lumber which formerly be-

longed to the defendant had lost its identity, and could not be separated from the other lumber with which it had been incorporated in the construction of the barges. Indeed, the defendant did not attempt to reclaim any specific lumber which had gone into the barges. The defendant well understood that it could not acquire title to the barges by an attempted rescission of its sale of the lumber which had gone into them in connection with other lumber, and hence a bill of sale of the barges was executed by G. W. Weigel & Co. to the defendant. Plainly, the transaction, upon the evidence, was an unlawful preference by the bankrupts to the defendants, and the trustee in bankruptcy had a right to recover the value of the barges.

The judgment of the District Court is affirmed.